UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

Michael Grimmett,                                                    No. 12-cv-943 (JNE/LIB)

    Plaintiff,

v.                                                                   **REPORT AND RECOMMENDATION**

Minnesota Department of Corrections, et al,

    Defendants.

---

    This matter came before the undersigned United States Magistrate Judge upon Defendants' Motion for Summary Judgment. [Docket No. 50]. The Motion has been referred to the undersigned Magistrate Judge for a report and recommendation, (see Order of Reference [Docket No. 56]), pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1. For reasons set forth below, the Court recommends: (1) that, pursuant to a verbal stipulation between the parties, Plaintiff's sole remaining federal claim be **DISMISSED with prejudice**; (2) that, in the absence of any remaining federal claim, the District Court should decline to continue to exercise supplemental jurisdiction over Plaintiff's pendent state law claims, which this Court recommends be **DISMISSED without prejudice**; and (3) that Defendants' Motion for Summary Judgment, [Docket No. 50], be **DENIED as moot and without prejudice**.

**I.    BACKGROUND**

    Michael Grimmett ("Plaintiff") initiated this action on April 13, 2012, asserting five causes of action arising from an assault he sustained while he was incarcerated at the Minnesota

1

Correctional Facility at Stillwater ("MCF-Stillwater"). (Compl. [Docket No. 1], at ¶¶ 24-30). The Complaint named as Defendants the Minnesota Department of Corrections (the "DOC"), including MCF-Stillwater and MINNCOR Industries ("MINNCOR"); and several DOC officials and employees, sued in both their official and individual capacities, including John Fairbanks ("Defendant Fairbanks"), who was employed by DOC and worked at MCF-Stillwater, and an Officer John Doe ("Defendant Officer Doe").[1] (Id. at ¶¶ 12-22).

Defendants made an earlier Motion to Dismiss. [Docket No. 9]. At the hearing on that Motion, Plaintiff on the record voluntarily dismissed most of his claims against most of the defendants, pursuing only the following: (1) Plaintiff's Count I, a 42 U.S.C. § 1983 claim alleging violations of his rights under the Eighth and Fourteenth Amendments to be free from cruel and unusual punishment, alleged against Defendant Fairbanks and Defendant Officer Doe; (2) Plaintiff's Count II, a 42 U.S.C. § 1983 claim for failure to protect, alleged against Defendant Fairbanks and Defendant Officer Doe; and (3) Plaintiff's Count IV, his common law negligence claims, including a claim for negligent supervision, against all Defendants in their individual capacities. (Report & Recommendation [Docket No. 23], at 5, 10).[2]

Upon a review of the earlier motion to dismiss pleadings, the Court recommended that (1) Plaintiff's Count I (42 U.S.C. § 1983, Eighth and Fourteenth Amendments) be dismissed as to Defendant Officer Doe, but be allowed to proceed against Defendant Fairbanks, (Id. at 10-13);

---

[1] Plaintiff also named as defendants a John Doe Correctional Lieutenant, (Compl. [Docket No. 1], at ¶ 18), and a John Doe MINNCOR Employee, (Id. at ¶ 20). However, as explained infra, the claims against the two John Does identified in this footnote did not survive an earlier Motion to Dismiss. Accordingly, references in this Report and Recommendation to "Defendant Officer Doe" are to the correctional officer identified in Paragraph 17 of Plaintiff's Complaint.

[2] Plaintiff voluntarily withdrew the following claims: Plaintiff's Count I, supra, as against all Defendants except Defendant Fairbanks and Defendant Doe; Plaintiff's Count II, supra, as against all Defendants except Defendant Fairbanks and Defendant Doe; Plaintiff's Count III, a Monell claim; and Plaintiff's Count V, a common law claim for intentional infliction of emotional distress. (See Compl. [Docket No. 1], at ¶¶ 47-69; Report & Recommendation [Docket No. 23], at 5, 5 n.2). These claims were dismissed upon the recommendation of this Court. (Report & Recommendation [Docket No. 23], at 5 n.2); adopted by Order [Docket No. 25]).

(2) that Plaintiff's Count II (42 U.S.C. § 1983 failure to protect) be dismissed in its entirety, (Id. at 5-10); and (3) that Defendant's Count IV (negligence and negligent supervision) be allowed to proceed only as to the negligence claim against Defendant Officer Doe and the negligence and negligent supervision claims against Defendant Fairbanks, with the remainder of the claims dismissed, (Id. at 10-17). The District Court[3] adopted these earlier recommendations. (Order [Docket No. 25] (adopting R&R).

The case, therefore, has since proceeded on only the following claims: (1) Plaintiff's 42 U.S.C. § 1983 claim against Defendant Fairbanks, over which this Court has federal question jurisdiction; and (2) his negligence claim against Defendant Officer Doe and his negligence and negligent supervision claims against Defendant Fairbanks, over which this Court initially accepted supplemental jurisdiction. (See Report & Recommendation [Docket No. 23], at 13-14; adopted by Order [Docket No. 25]). On December 20, 2012, Defendant Fairbanks and Defendant Officer Doe (hereinafter, "Defendants") filed their Answer. [Docket No. 28].

On January 31, 2014, Defendants made their present Motion for Summary Judgment, [Docket No. 50], which was referred to this Court for report and recommendation, (Order [Docket No. 56]). Subsequently, on March 7, 2014, Plaintiff filed his Response. [Docket No. 60]).[4] Finally, on March 21, 2014, Defendants filed their Reply, [Docket No. 65], and the Motion was then fully briefed.

The Court heard argument on the Motion on May 6, 2014.

---

[3] The Hon. Joan N. Ericksen presiding.

[4] On March 7, 2014, Plaintiff erroneously filed copies of his Response, [Docket Nos. 60, 61], and of his exhibits, [Docket Nos. 60-1—60-13, 61-2—62-14], that contained redactions of information that should have been filed under seal. Subsequently, on March 26, 2014, this Court issued an Order, [Docket No. 67], allowing Plaintiff to file certain materials under seal, pursuant to the parties' Stipulation, [Docket No. 64]. Most recently, on April 30, 2014, Plaintiff properly filed his Memorandum, [Docket No. 68], and his exhibits, [Docket Nos. 68-2—68-14],

## II.     PLAINTIFF'S 42 U.S.C. § 1983 CLAIM AGAINST DEFENDANT FAIRBANKS

In his Response to the present Motion for Summary Judgment, Plaintiff acknowledges that his "lone federal claim lacks merit," and he "agrees to dismiss the federal claim against Defendant Fairbanks." (Pl.'s Resp. [Docket No. 68], at 2). Defendants, in their Reply, construe Plaintiff's position set forth in his responsive memorandum as a voluntary dismissal of his 42 U.S.C. § 1983 claim against Defendant Fairbanks, and they agree that the claim should be dismissed. (Defs.' Reply [Docket No. 65], at 1). At the May 6, 2014, motions hearing, both parties stated on the record that the Court should construe their written submissions as a stipulation to dismiss Plaintiff's 42 U.S.C. § 1983 claim against Defendant Fairbanks pursuant to Federal Rule of Civil Procedure 41, and they further agreed that such dismissal should be with prejudice.

Rule 41(a)(1) provides that a plaintiff may voluntarily dismiss his case "by filing . . . a stipulation of dismissal *signed* by all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(A)(ii). In the present case, the Court has not been presented with any such signed stipulation.[5] However, Rule 41(a)(2) provides that, where the conditions of Rule 41(a)(1) have not been met, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." The Eighth Circuit has explained that:

> A decision whether to allow a party to voluntarily dismiss a case rests upon the sound discretion of the court. In exercising that discretion, a court should consider factors such as whether the party has presented a proper explanation for its desire to dismiss, whether a dismissal would result in a waste of judicial time and effort, and whether a dismissal will prejudice the defendants. Likewise, a

---

[5] Plaintiff represents that he previously offered to stipulate to dismissal of his 42 U.S.C. § 1983 claim against Defendant Fairbanks with prejudice, and to dismissal of his state-law claims without prejudice, and that Defendants declined that offer. (Pl.'s Resp. [Docket No. 68], at 2 n.1).

party is not permitted to dismiss merely to escape an adverse decision nor to seek a more favorable forum.

Hamm v. Rhone-Poulenc Rorer Pharms., 187 F.3d 941, 950 (8th Cir. 1999) (citations omitted).

In the present case, it is appropriate to allow Plaintiff to voluntarily dismiss the above-referenced claims <u>with prejudice</u>. Plaintiff acknowledges that he is voluntarily dismissing his sole federal claim against Defendant Fairbanks because that claim "lacks merit." Additionally, a dismissal with prejudice, as offered by Plaintiff, would not result in a waste of judicial time and effort. Finally, such a dismissal would not prejudice Defendants. Even though it appears that Defendants initially refused to stipulate in writing to such dismissal, they state in their written submissions that Plaintiff's federal claim against Defendant Fairbanks "should be dismissed with prejudice" on the basis of Plaintiff's voluntary dismissal, (Defs.' Reply [Docket No. 65], at 1), and both sides acknowledged on the record at the May 6, 2014, motion hearing that they were verbally stipulating to dismissal of Plaintiff's sole remaining federal claim <u>with</u> prejudice.

Consequently, pursuant to Plaintiff's request for voluntary dismissal and to the parties' stipulation to dismissal with prejudice, this Court recommends that Plaintiff's Count I, his 42 U.S.C. § 1983 (Eighth and Fourteenth Amendments) claim against Defendant Fairbanks, be **DISMISSED <u>with</u> prejudice**.

### III. SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S STATE LAW CLAIMS

The District Court previously determined that it would exercise supplemental jurisdiction over Plaintiff's then pendent state law claims, which were sufficiently related to his then sole surviving federal claim. (Report & Recommendation [Docket No. 23], at 13-14; Order [Docket No. 25] (adopting R&R)). However, this Court has now recommended that Plaintiff's sole

remaining federal claim be dismissed with prejudice. See Part II, supra. Consequently, this Court must now determine whether to recommend that the District Court continue to exercise supplemental jurisdiction over Plaintiff's state law claims.[6]

"The Court has broad discretion in deciding whether to continue hearing state claims following dismissal of federal claims." Shimer v. Shingobee Island Water and Sewer Comm'n, No. 02-cv-953 (JRT/FLN), 2003 U.S. Dist. LEXIS 4210, at *26 (D. Minn. Mar. 18, 2003) (Tunheim, J.). "In determining whether to exercise supplemental jurisdiction, courts consider factors such as judicial efficiency, convenience, and fairness to the litigants, but should 'exercise judicial restraint and avoid state law issues wherever possible.'" Hylla v. Transp. Commc'n Int'l Union, No. 06-cv-4700 (JRT/RLE), 2007 U.S. Dist. LEXIS 75505, *11-12 (D. Minn. Sept. 28, 2007) (Tunheim, J.) (citing Condor Corp. v. City of St. Paul, 912 F.2d 215, 221 (8th Cir. 1990); and quoting Thomas v. Dickel, 213 F.3d 1023, 1026 (8th Cir. 2000)).

When a Court has dismissed all of a plaintiff's federal claims over which it has original jurisdiction, it may decline to exercise supplemental jurisdiction over that Plaintiff's state law claims. 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if— . . . (3) the district court has dismissed all claims over which it has original jurisdiction"); see also Jones v. Minn. Dep't of Corr., No. 05-cv-1249 (RHK/AJB), 2006 U.S. Dist. LEXIS 80351, *35 (D. Minn. Oct. 31, 2006) (Kyle, J.) (pursuant to § 1367(c)(3), declining to exercise supplemental jurisdiction over state law claims

---

[6] Defendants argue that the Court should determine whether there is even subject matter jurisdiction for a court to hear Plaintiff's state law claims, which Defendant argues can only be heard by the Minnesota Legislature and not the courts pursuant to Minn. Stat. § 3.738. (Defs.' Mem. [Docket No. 52], at 13-14; see also Defs.' Reply [Docket No. 65], at 3 ("the Court should address this issue before the supplemental jurisdiction issue").

However, this Court can reach the question of whether a Minnesota statute strips the courts of jurisdiction over Plaintiff's state law claims only if this Court first decides to exercise supplemental jurisdiction over those claims; if, on the other hand, the Court declines to exercise supplemental jurisdiction, then it does not reach the state law question of whether a state statute bars the courts from hearing certain state law claims involving state prison inmates working in assigned duties.

after granting summary judgment in favor of defendants on plaintiff's federal claims). In fact, where a court has "granted dismissal or summary judgment on all of the [plaintiff's] federal claims, . . . 'the balance of factors to be considered under the pendent jurisdiction doctrine . . . will point toward declining to exercise jurisdiction over the remaining state-law claims.'" Johnson v. City of Shorewood, 360 F.3d 810, 819 (quoting Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988)).

In the present case, the most important factor to this Court is that in light of the stipulation to dismiss Plaintiff's sole federal claim with prejudice, both parties have expressly requested that the Court not exercise supplemental jurisdiction over Plaintiff's state law claims. (Defs.' Mem. [Docket No. 52], at 15-16 (court "should decline to exercise its jurisdiction over Plaintiff's state-law negligence claims because . . . Plaintiff's federal claim lacks merit"); Pl.'s Resp. [Docket No. 68], at 2 ("Defendant Fairbanks properly asserted that this Court should decline to exercise supplemental jurisdiction because Plaintiff's lone federal claim lacks merit."); Defs.' Reply [Docket No. 65], at 3 ("the Court should decline to exercise its discretional jurisdiction because all federal claims will be dismissed before trial"). At the May 6, 2014, motion hearing, both parties affirmed that they believe this Court should decline to continue to exercise supplemental jurisdiction over Plaintiff's state law claims.

"[W]hen federal claims are dismissed before trial, the normal practice is to dismiss pendent [state law] claims." Magee v. Trs. of the Hamline Univ., 957 F. Supp. 2d 1047, 1060 (D. Minn. 2013) (J.) (quoting Stokes v. Lokken, 644 F.2d 779, 785 (8th Cir. 1981)[7]). In the absence of any remaining federal claim, and with both Plaintiff and Defendants in agreement that this Court should decline to continue to exercise supplemental jurisdiction over the remaining

---

[7] Overruled on other grounds by Pinter v. Dahl, 486 U.S. 622 (1988).

state law claims, this Court recommends that the District Court decline to continue to exercise supplemental jurisdiction over Plaintiff's state law claims.

Accordingly, this Court recommends that Plaintiff's state law claims against Defendant Officer Doe for negligence, and against Defendant Fairbanks for negligence and negligent supervision, be **DISMISSED without prejudice**.[8]

### IV.   DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [Docket No. 50]

Because this Court has recommended that all of Plaintiff's remaining claims be dismissed—that his sole federal claim be dismissed with prejudice pursuant to the parties' stipulation, and that this Court decline to continue to exercise supplemental jurisdiction over his state law claims, which should be dismissed without prejudice—the Court need not reach the substantive questions presented in Defendants' present Motion for Summary Judgment. [Docket No. 50].

Consequently, this Court recommends that Defendants' Motion for Summary Judgment, [Docket No. 50], be **DENIED as moot and without prejudice**.

### V.   CONCLUSION

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED**:

1. That Plaintiff's 42 U.S.C. § 1983 claim against Defendant Fairbanks be **DISMISSED <u>with</u> prejudice**, as set forth above;

---

[8] Although Defendants suggest that any dismissal should be with prejudice, the Eighth Circuit has repeatedly held that a dismissal based on the court's discretion not to exercise supplemental jurisdiction is "without prejudice, thus leaving plaintiffs free to pursue their state-law claims in the state courts, if they wish." Stokes, 644 F.2d at 785; see also Lindsey v. Dillard's, Inc., 306 F.3d 596 (8th Cir. 2002) ("the court may decline to exercise its [supplemental] jurisdiction, which will result in a dismissal without prejudice").

2. That the District Court decline to continue to exercise supplemental jurisdiction over Plaintiff's state law claims, as set forth above;

3. That Plaintiff's state law claims be **DISMISSED without prejudice**, as set forth above; and

4. That Defendants' Motion for Summary Judgment, [Docket No. 50], be **DENIED as moot and without prejudice**.

Dated: May 14, 2014                                         s/Leo I. Brisbois
                                                                           LEO I. BRISBOIS
                                                                           United States Magistrate Judge

**N O T I C E**

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties **by May 28, 2014**, a writing that specifically identifies the portions of the Report to which objections are made and the bases for each objection. A party may respond to the objections within **fourteen (14) days** of service thereof. Written submissions by any party shall comply with the applicable word limitations provided for in the Local Rules. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment from the District Court, and it is therefore not directly appealable to the Court of Appeals.